IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:20cr219-MHT
                            )            (WO)
PARKER CLAY SMILIE          )
```

ORDER

This cause is before the court on defendant Parker Clay Smilie's unopposed motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for June 7, 2021, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

> which such charge is pending, whichever date
> last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   § 3161(h)(7)(A).   In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Smilie in a speedy trial. Smilie was only recently arraigned, and negotiations toward a resolution of this case have just begun.  A

continuance is therefore warranted and necessary to allow the parties to reach a potential settlement, and to prepare adequately and effectively for the jury selection and trial in the event that a settlement is not reached.  In addition, the government does not oppose the requested trial continuance.  The court finds that a continuance of the trial is necessary in order to allow adequate time for plea negotiations and to ensure that the parties are able to present their cases effectively.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Parker Clay Smilie's unopposed motion to continue trial (Doc. 18) is granted.

(2) The jury selection and trial, now set for June 7, 2021, are reset for September 13, 2021, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the September trial term.

DONE, this the 29th day of April, 2021.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE

4